**Opinion filed August 31, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00034-CV

_____

## IN THE INTEREST OF T.B., A CHILD

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM 50,489**

## MEMORANDUM OPINION

The trial court entered an order terminating the parental rights of T.B.'s mother and father. The father (appellant) has filed a notice of appeal from the termination order. T.B.'s mother has not filed an appeal. We affirm.

### *Issues*

Appellant presents seven issues for review. In the first issue, appellant contends that the trial court abused its discretion by modifying the pretrial scheduling order and allowing documentary evidence of appellant's criminal history to be admitted into evidence. In his second and third issues, appellant challenges the legal and factual sufficiency of the evidence supporting the finding that he engaged in conduct or knowingly placed T.B. with persons who engaged in conduct that endangered T.B.'s physical or emotional well-being. In the fourth and fifth issues, appellant challenges the legal and factual sufficiency of the evidence supporting the finding that appellant engaged in criminal conduct that resulted in his conviction of an offense and

confinement for not less than two years from the date of the filing of the amended petition. In the sixth and seventh issues, appellant asserts that the evidence is legally and factually insufficient to support the finding that termination is in the best interest of T.B.

*Admission of Criminal History*

Appellant complains in his first issue of the admission into evidence of State's Exhibit No. 2, a certified copy of the judgment from the U.S. District Court, Western District of Texas, showing that appellant had been convicted on April 28, 2009, of the offense of possession with intent to distribute cocaine base and had been sentenced to serve a term of seventy months in prison. Appellant objected to the exhibit because the Department of Family and Protective Services did not list that document in its exhibit list as required by the trial court's pretrial scheduling order, because the document was not provided in discovery, and because it constituted an unfair surprise to appellant. The Department conceded that it had not provided a copy to appellant and that it had omitted the document from its exhibit list, but the Department asserted that the document created no undue surprise and was a certified copy of a public document available at the clerk's office. The trial court overruled appellant's objections and offered appellant's attorney time to review the document and to look up any further information that he might need. Appellant's attorney declined the offer, stating that he did not need any additional time.

Whether to admit or exclude evidence is a matter committed to the trial court's sound discretion. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). We review the trial court's admission or exclusion of evidence under an abuse of discretion standard. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). TEX. R. CIV. P. 166 authorizes a trial court to modify a ruling regarding a pretrial conference, and TEX. R. CIV. P. 193.6 permits a trial court to admit evidence not provided during discovery if the offering party shows either (1) good cause for its discovery failure or (2) the lack of unfair prejudice or unfair surprise to the opposing party. The trial court has discretion to determine whether the offering party met its burden. *Bellino v. Comm'n for Lawyer Discipline*, 124 S.W.3d 380, 383-84 (Tex. App.—Dallas 2003, pet. denied). In the absence of such a showing, the trial

2

court may grant a continuance or temporary postponement based upon the new information. Rule 193.6(c).

Since one of the grounds upon which the Department specifically sought termination was appellant's conviction, the trial court could have determined that the introduction into evidence of the judgment from that conviction would not unfairly surprise appellant. In addition to the documentary evidence, appellant and another witness testified regarding appellant's conviction. Also, appellant declined the trial court's offer to postpone the proceeding to allow him time to prepare for the admission of the judgment. We cannot hold that the trial court abused its discretion in admitting into evidence a certified copy of appellant's judgment of conviction. Appellant's first issue is overruled.

*Legal and Factual Sufficiency*

In his remaining issues, appellant challenges the legal and factual sufficiency of the evidence to support termination. Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2010). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)-(T) and that termination is in the best interest of the child. Section 161.001. In this case, the trial court found that appellant committed two of the acts listed in Section 161.001(1). The trial court found that appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the child and had engaged in criminal conduct that resulted in his conviction of an offense and confinement and inability to care for the child for not less than two years from the date of the filing of the petition. *See* Section 161.001(1)(E), (Q). The trial court also found that termination was in the child's best interest. *See* Section 161.001(2).

The record shows that both parents were incarcerated at the time of trial but that appellant participated by phone. The Department became involved with T.B. when he was almost two years old. T.B.'s aunt called the Department and requested that the Department take T.B. into custody because she could no longer care for him due to her work schedule and his special needs. T.B. suffers from Hirschsprung's disease. T.B. had been left with his aunt when T.B.'s mother was incarcerated for a drug-related charge. When the Department took custody, appellant had already been incarcerated for the federal offense of possession with intent to distribute cocaine base, and T.B.'s mother was in a federal prison awaiting trial for the offense of possession with intent to distribute five grams or more of cocaine base. T.B. was placed into foster care and then into the care of a paternal relative whom we will refer to as Barbara.

The Department filed a petition on January 5, 2010, and an amended petition on March 31, 2010, requesting termination of appellant's rights. The Department's conservatorship worker, Nedrie Simmons, testified that appellant's expected release date from prison is November 10, 2013. That date is well over two years from the date that either petition was filed. Appellant testified that, if he were to complete a 500-hour drug treatment program – which would qualify him for twelve months off his sentence – and if he were to receive the full amount of good-time credits per year, he still would not be out of prison within two years of the petition's filing date. Appellant did not know when he would be released. Based on the evidence before it, the trial court could reasonably have formed a firm belief or conviction that appellant had engaged in criminal conduct that resulted in his conviction of an offense and confinement and inability to care for T.B. for not less than two years from the date of the filing of the petition and the amended petition. *See* Section 161.001(1)(Q). We cannot hold that this finding is not supported by clear and convincing evidence. Appellant's fourth and fifth issues are overruled.

With respect to his second and third issues, we note that the evidence introduced at trial merely showed that appellant had been convicted of the drug-related offense and that he had not had any contact with T.B. since the Department became involved. Beyond mere incarceration, however, the evidence does not show that T.B. was endangered by appellant's conduct. *See Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533-34 (Tex. 1987). Nothing in the record indicates that T.B. was present during the commission of any offense, that appellant engaged in a course of conduct that had the effect of endangering T.B.'s physical or emotional well-being, or

4

that appellant knowingly placed the child with anyone who engaged in conduct endangering T.B. *See id.* Consequently, we sustain appellant's second and third issues. However, the trial court's finding under Section 161.001(1)(Q) is sufficient to support termination as long as termination was shown to be in T.B.'s best interest. *See* Section 161.001.

The next question we must address is whether the best interest finding is supported by legally and factually sufficient evidence. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The record shows that T.B. was too young to express any desires but that his physical and emotional needs were being met by Barbara. T.B. had thrived in her home and had bonded with her. Trial was held in December 2010. Appellant had not seen T.B. since March 2009 and had not had any contact whatsoever with T.B. during the Department's involvement with T.B. T.B.'s special medical needs were being met by Barbara. Barbara wanted to adopt T.B., and the Department's plan for T.B. was adoption by Barbara. Barbara and Simmons both testified that termination of the parents' rights would be in T.B.'s best interest. Based on the evidence presented at trial, the trial court could reasonably have formed a firm belief or conviction that termination of appellant's parental rights would be in T.B.'s best interest. We cannot hold that this finding is not supported by clear and convincing evidence. The evidence is both legally and factually sufficient to support the finding that termination of appellant's parental rights is in the best interest of T.B. Appellant's sixth and seventh issues are overruled.

*This Court's Ruling*

We affirm the trial court's order terminating the parental rights of T.B.'s father.


TERRY McCALL

JUSTICE


August 31, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.